**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )  | **CASE NO. 8:05CR448** |
| )  | |
| Plaintiff,  )  | |
| )  | |
| vs.  )  | **TENTATIVE FINDINGS** |
| )  | |
| **JAMAR A. McCOWIN,**  )  | |
| )  | |
| Defendant.  )  | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 29). The government has adopted the PSR. (Filing No. 27.) The Court has also reviewed the Defendant's motion for downward departure (Filing No. 28.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant's objections and motion for downward departure are discussed below.

### ¶ *14 - Accessory to Robbery; Crime of Violence*

The Defendant argues that his prior offense of being an accessory to robbery is not a crime of violence resulting in base offense level 20 under U.S.S.G. § 2K2.1(a)(4)(A). Authority exists stating that a prior offense of being an accessory to robbery is a crime of violence for purposes of § 2K2.1(a)(4)(A). *United States v. McKnight,* 154 Fed. Appx. 134, at **2 (11th Cir. 2005) (relying on U.S.S.G. § 4B1.2(a)). The Court has not found any contrary authority, and none was cited by defense counsel. Therefore, the objection is denied.

### *¶ 41 - Gang Membership*

The Defendant objects to information in this paragraph with respect to alleged gang membership. The information is attributed to the Omaha police department gang unit, and the Court is not at liberty to change such information. Moreover, the information does not affect the sentencing guideline application and might be useful to the Bureau of Prisons. The objection is denied.

### *Downward Departure*

The Defendant moves for a downward departure based on over representation of criminal history, arguing that ¶¶ 30 and 35 (marijuana less than 1 ounce) reflect infractions akin to traffic violations and do not merit criminal history points.

Notwithstanding the relative minor nature of the offenses described in ¶¶ 30 and 35, the Court notes the Defendant's criminal history that began at age 15 and has steadily continued to the present time. Also apparent in viewing the Defendant's criminal history are the frequency of the Defendant's contacts with law enforcement as well as the existence of several violent offenses. The Court acknowledges its authority to depart downward, and the Court declines to do so. The Defendant's motion for downward departure is denied.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 29) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3.	If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.	Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

5.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

6.	The Defendant's motion for downward departure (Filing No. 28) is denied.

DATED this 17th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge